IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SEARS ROEBUCK AND CO., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08-4125-SAC |
| ) | |
| IPofA SALINA CENTRAL MALL, LLC, ) | |
| ) | |
| Defendant, ) | |

**ORDER**

This matter comes before the court upon the Motion of Gerard A. McHale, Jr., as Trustee for the 1031 Tax Group, LLC, *et al.*, to Intervene Pursuant to Rule 24 of the Federal Rules of Civil Procedure (Doc. 36). Intervenor and third-party plaintiff Wachovia Bank, National Association has field a response brief opposing the motion (Doc. 42), to which Mr. McHale has filed a reply brief (Doc. 45). Also before the court is Wachovia's motion for leave to file a surreply (Doc. 46). The issues are fully briefed and are ripe for disposition.

**I.     Background**

Plaintiff Sears Roebuck and Company is an anchor tenant at the Salina Central Mall. On October 23, 2008, Sears filed a complaint alleging that its landlord, defendant IPofA Salina Central Mall, LLC, had failed to fulfill its obligations under the lease agreement.[1] Specifically, Sears alleges the property has fallen into disrepair. On December 31, 2008, the court granted Wachovia's motion to intervene in this action, finding that Wachovia had a sufficient interest in the property as the holder of a first-priority lien on the mall. Wachovia subsequently filed an intervenor complaint alleging that IPofA had defaulted on two commercial loans. Wachovia seeks, among other things,

---

[1] *See generally* Complaint (Doc. 1).

a judgment in foreclosure, which includes a finding that the it has the first and best lien on the property. Wachovia also asserts a third-party claim against Edward Okun, whom Wachovia alleges guaranteed the prompt payment and performance of all obligations owed to Wachovia by IPofA. Mr. Okun is currently incarcerated in Virginia.

On February 8, 2009, Mr. McHale, in his capacity as the Chapter 11 trustee for the 1031 Debtors, filed a motion to intervene. The instant motion explains that the 1031 Debtors are entities that filed petitions for relief under Chapter 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York. Prior to filing their Chapter 11 petitions, the 1031 Debtors acted as qualified intermediaries, holding funds deposited for the purposes of real property exchanges pursuant to § 1031 of the Internal Revenue Code. The instant motion states that Mr. Okun, or entities owned in whole or in part by Mr. Okun, purchased control of the 1031 Debtors and that Mr. Okun, with the assistance of others, misappropriated hundreds of millions of dollars from the 1031 Debtors.

On October 3, 2008, the trustee commenced an adversary action in the Bankruptcy Court for the Southern District of New York against Wachovia, Bank, National Association and four other Wachovia entities. Among other things, the adversary complaint alleges funds used to purchase the Salina Central Mall were misappropriated from the 1031 Debtors and that Wachovia was aware of suspicious circumstances indicating the mall was being purchased with misappropriated funds. The adversary complaint further alleges that Wachovia served as a depository for the 1031 Debtors' accounts from which funds were misappropriated. Therefore, the trustee claims that Wachovia holds its lien on the Salina Central Mall as a constructive trustee for the 1031 Debtors, and the 1031 Debtors therefore hold an equitable lien on the mall. For these reasons, the trustee argues that he

should be allowed to intervene as a matter of right, or alternatively, the trustee should be allowed permissive intervention.

## II. Discussion

Before exploring the merits of the instant motion, the court notes the trustee has not complied with the requirement of Fed. R. Civ. P. 24(c) that a motion to intervene be accompanied by a pleading setting forth the claims or defenses for which intervention is sought. Although the trustee has attached the pleading from the adversary action pending in bankruptcy court, the rule appears to contemplate attaching a pleading that the party proposes to file in the case in which intervention is sought.[2] Failing to attach such a pleading complicates the court's task of evaluating the movant's legal position.[3] Therefore, the court could properly deny the instant motion on procedural grounds.[4] However, courts in the District of Kansas have generally declined to deny the motions to intervene on procedural grounds alone, suggesting that doing so would amount to elevating form over substance.[5] Likewise, this court declines to deny the instant motion on procedural grounds given that the movant has adequately described the basis for seeking intervention. The court therefore turns to the merits of the instant motion.

Fed. R. Civ. P. 24(a) governs intervention as a matter of right. Intervention of right under Rule 24(a)(2) is permitted if: (1) the motion is timely; (2) the movant "claims an interest relating to

---

[2] *See generally* Fed. R. Civ. P. 24(c) ("A motion to intervene must be served on the parties as provided in Rule 5.").

[3] *Hill v. Kansas Gas Serv.*, 203 F.R.D. 631, 634 (D. Kan. 2001).

[4] *See, e.g., id.* (citing *Sch. Dist. of Philadelphia v. Penn. Milk Mtg. Board*, 160 F.R.D. 66, 67 (E.D. Pa. 1995)).

[5] *See, e.g., id.*

3

the property or transaction which is the subject of the action;" (3) the movant's interest is impaired or impeded; and (4) the movant's "interest is not adequately represented by the existing parties."[6] The Tenth Circuit "generally follows a liberal view in allowing intervention under Rule 24(a)."[7] With this in mind, the court now turns to each of the elements of intervention as a matter of right, noting that Wachovia appears to contest intervention of right solely on the basis of the trustee's interest in the property.

### A.   Timeliness of the Motion

The timeliness of a motion to intervene "is determined in light of all circumstances," including the length of time the movant knew of its interest in the case, prejudice to the existing parties, prejudice to the movant, and the existence of any unusual circumstances.[8] The Tenth Circuit has described the analysis as "contextual," noting that "absolute measures of timeliness should be ignored."[9] In this case, the trustee filed the motion to intervene before the court had set a scheduling conference or imposed any case management deadlines. Additionally, the trustee's interest in this case stems from Wachovia's intervenor complaint, and the trustee filed the instant motion just over a month after the court allowed Wachovia to intervene. Although Wachovia argues that allowing

---

[6] *See Ute Distrib. Corp. v. Newton*, 43 Fed. Appx. 272, 276 (10th Cir. 2002) (citing *Coalition of Arizona/New Mexico Counties for Stable Economic Growth v. Dep't of the Interior*, 100 F.3d 837, 840 (10th Cir. 1996)); *Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1249 (10th Cir. 2001) (stating the same elements); *see also* Fed. R. Civ. P. 24(a)(2) (providing that upon a timely motion, the court may permit a party to intervene if that party "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent the interest").

[7] *Elliott Indus. Ltd. P'ship v. BP Am. Prod. Co.*, 407 F.3d 1091, 1103 (10th Cir. 2005).

[8] *Ute Distrib. Corp.*, 43 Fed. Appx. at 276 (quoting *Sanguine Ltd. v. United States Dep't of the Interior*, 736 F.2d 1416, 1418 (10th Cir. 1984)).

[9] *Utah Ass'n of Counties*, 255 F.3d at 1250 (quoting *Sierra Club v. Epsy*, 18 F.3d 1202, 1205 (5th Cir. 1994).

the trustee to intervene would complicate issues in this case, the Tenth Circuit has stated that these types of considerations "are a function of intervention itself rather than the timing of the motion to intervene."[10]  For these reasons, the court finds that the motion is timely.

### B.     Interest in the Property that is the Subject of the Action

As previously suggested, the briefings on the motion to intervene center around whether the trustee has a sufficient interest in the mall to support intervention of right.  Courts have not clearly defined the contours of the interest requirement.[11]  As the Tenth Circuit noted, "one formulation that has achieved considerable currency . . . is that the interest must be 'direct, substantial, and legally protectable.'"[12]  Indeed, the majority of circuits apply this test to determine whether a prospective intervenor's interest is sufficient to satisfy Rule 24(a)(2).[13]  On multiple occasions the Tenth Circuit has stated that the interest must be "direct, substantial, and legally protectable," while further noting that the inquiry is "highly fact-specific" and that "the 'interest' test is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process."[14]  Subsequent to these opinions, the Tenth Circuit granted *en banc* review of a case involving intervention of right in order to "resolve difficult issues concerning

---

[10] *Id.* at 1251.

[11] *Coal. of Arizona/New Mexico*, 100 F.3d at 840.

[12] *San Juan County, Utah v. United States*, 503 F.3d 1163, 1192 (10th Cir. 2007) (en banc) (citing *Utah Ass'n of Counties*, 255 F.3d at 1251).

[13] *See United States v. Peoples Benefit Life Ins. Co.*, 271 F.3d 411, 415 (2d Cir. 2001) (requiring that an interest must be direct, substantial, and legally protectable); *Med. Liab. Mut. Ins. Co. v. Alan Curtis LLC*, 485 F.3d 1006, 1008 (8th Cir. 2007) (stating that an interest is cognizable under Rule 24(a)(2) only where it is direct, substantial, and legally protectable); *Mothershill D.I.S.C. Corp. v. Petroleos Mexicanos, S.A.*, 831 F.2d 59 (5th Cir. 1987) (requiring a direct, substantial, legally protectable interest in the proceedings).

[14] *Utah Ass'n of Counties*, 255 F.3d at 1251-52 (quoting *In re Kaiser Steel Corp.*, 998 F.2d 783, 791 (10th Cir. 1993).

5

intervention under Fed. R. Civ. P. 24."[15] In *San Juan County, Utah v. United States*, the Tenth Circuit's most recent pronouncement on intervention, seven out of thirteen judges joined in an opinion criticizing the "direct, substantial, and legally protectable" inquiry as being "problematic," "malleable," and "missing the point."[16] Strictly to require that the movant in intervention have a direct interest in the outcome of the lawsuit is too narrow a construction of Rule 24(a)(2).[17] Although it is not incorrect for a court to consider whether a prospective intervenor's interest is direct, substantial, and legally protectable,[18] the central concern in deciding whether intervention is proper is the practical effect of the litigation on the applicant for intervention.[19]

If a person who would be affected *in a practical sense* by the disposition of an action is not joined as a party, he has a right to intervene unless he is adequately represented by an existing party.[20] In other words, if an interest is not direct, substantial, and legally protectable, "other interests may suffice."[21] As the Tenth Circuit noted, the rule's focus on practical considerations over technical considerations is further reflected in the Advisory Committee Notes to the 1966 Amendment, which state, "If an absentee would be substantially affected in a practical sense by the

---

[15] *San Juan County*, 503 F.3d at 1167.

[16] *Id.* at 1192.

[17] *Id.* at 1193.

[18] *See generally id.* at 1194 ("That is not to say that it is error for a court addressing an application for intervention to consider whether the prospective intervenor's interest is direct, substantial, and legally protectable. As we previously stated, an interest that clearly satisfies all of these conditions would likely justify intervention.").

[19] *Id.* at 1193

[20] *Id.* at 1189.

[21] *Id.* at 1195.

determination made in the action, he should, as a general rule, be entitled to intervene . . . ."[22]

Turning to the facts at hand, the trustee alleges funds misappropriated from the 1031 Debtors' Wachovia accounts were used to purchase the Salina Central Mall. To that end, the trustee's complaint in the adversary action seeks, among other things, the imposition of a constructive trust and equitable lien on the mall. Wachovia contends the trustee's interest in the mall is insufficient because it is contingent upon the outcome of the adversary action. The unique facts of this case have not been addressed by the Tenth Circuit or any court in the District of Kansas. However, other courts have been tasked with determining whether an interest contingent upon the outcome of a separate action is a sufficient interest to support intervention of right. Yet, no consistent rule emerges from these cases. For example, Judge Black in the District of New Mexico considered the contingent nature of an prospective interveor's interest and concluded that it does not automatically prevent a court from allowing intervention.[23] It is only one factor to be considered and is not determinative of whether a party has a right to intervene.[24] Although Judge Black addressed this issue seven years before *San Juan County*, he still found that a flat ban on intervention, simply because a party's interest has not yet ripened, runs contrary to the Tenth Circuit's inclusive approach to intervention.[25] He also went on to state that such a result "creates the risk that a mere matter of timing could jeopardize the strong interest of a third party."[26]

---

[22] *Id.* (citing the 1966 Advisory Committee Notes).

[23] *Gen. Ins. of Am. v. Rhoades*, 196 F.R.D. 620, 624 (D.N.M. 2000).

[24] *Id.*

[25] *Id.*

[26] *Id.*

However, other courts have determined that this kind of contingent interest is too remote and indirect to support intervention of right.[27] Courts reaching this conclusion have tended to employ a more strict application of the "direct, substantial, and legally protectable" test than does the Tenth Circuit.[28]

Indeed, seven out of thirteen Tenth Circuit judges in *San Juan County* have directed lower courts to examine the practical effects of the underlying litigation of the prospective intervenor. Wachovia concedes that "if McHale were to prevail in the Adversary Action, an interest in the property may indeed arise on his behalf."[29] It seems Wachovia would have no objection to allowing the trustee to intervene if he prevails in the adversary action. However, the court cannot speculate when the adversary action will be resolved or if it will be resolved before a determination is made on Wachovia's claim for judgement in foreclosure. Imposing a bright-line rule that those claiming an interest in property subject to a foreclosure action must have obtained a judgment in another proceeding not only creates the risk that timing could jeopardize a property interest but also appears contrary to the Tenth Circuit's liberal approach to allowing intervention of right.

The court need not address Wachovia's relatively brief arguments about whether the trustee is actually entitled to the equitable relief he seeks in the adversary action. That is a judgment on the

---

[27] *See, e.g., Liberty Mut. Ins. Co. v. Pacific Indem. Co.*, 76 F.R.D. 656, 660 (W.D. Pa. 1977) (finding that a plaintiff in a separate personal injury action against a manufacturer could not intervene in an action brought by the manufacturer's insurer against the manufacturer's excess insurer because the prospective intervenor had not yet obtained a judgment in the personal injury suit and therefore the interest was contingent and not direct).

[28] *See, e.g., San Juan County*, 503 F.3d at 1193 (quoting *Natural Res. Def. Council v. U.S. Nuclear Regulatory Comm'n*, 578 F.2d 1341, 1344 (10th Cir. 1978) ([S]trictly to require that the movant in intervention have a *direct* interest in the outcome of the lawsuit is too narrow a construction of Rule 24(a)(2).")).

[29] Objection of Wachovia Bank, National Association to Motion to Intervene of Gerard A. McHale Jr. (Doc. 42) at p. 2.

merits that this court is in no position to make. Although Wachovia cautions the court of the chaos that could ensue from this finding because "[c]reditors of every plaintiff in the nation would clamor to intervene into litigation, aspiring to protect their ability to collect their hoped-for judgments," the court does not view this case in the same manner.[30] The trustee's claims in the adversary action relate to a specific piece of property that is also the subject of this action. The court need not determine whether the trustee will ultimately prevail or whether the trustee may be able to delay the progression of Wachovia's claim for a judgment of foreclosure. The court merely concludes that the trustee's equitable claims to the property that is the subject of Wachovia's claim for foreclosure is a sufficient interest to support intervention of right under these circumstances.

### C. Effect of Action on Interest

A third party's interest is impaired or impeded when "the resolution of legal questions in this case effectively forecloses the rights of the proposed intervenor in later proceedings."[31] As previously explained, the trustee contends intervention is necessary because the 1031 Debtors' interest will not be protected if the trustee is ultimately successful in the adversary action in bankruptcy court but Wachovia is allowed to proceed with foreclosure and sale of the property. The court finds this is a sufficient impairment to support intervention of right.

### D. Movant's Interest is not Adequately Represented by Existing Parties

Although the movant bears the burden of showing inadequate representation by existing

---

[30] Objection of Wachovia Bank, National Association to Motion to Intervene of Gerard A. McHale, Jr. (Doc. 42) at p. 4.

[31] *Ute Distribution Corp.*, 43 Fed. Appx. at 279.

parties, "that burden is the 'minimal' one of showing that representation 'may' be inadequate."[32] In this case, none of the parties in this action represent the interests of the trustee. Wachovia and the trustee have competing interests, and the court fails to see how other parties in this action could attempt to protect the 1031 Debtor's interest in the property. Therefore, the trustee satisfied the minimal burden of showing the existing parties do not adequately represent his interest.

### E. Conclusion

For the foregoing reasons, the trustee has satisfied the requirements of Rule 24(a)(2)'s provisions regarding intervention as a matter of right. The trustee filed the instant motion only months after the interest in this action became apparent. The trustee has alleged the 1031 Debtors have an equitable property interest in the Salina Central Mall, which is the subject of Wachovia's claim seeking foreclosure. Denying the instant motion could result in the 1031 Debtors' inability to collect funds from the sale of the mall, assuming the trustee were to prevail in the adversary action in bankruptcy court. Finally, the existing parties' claims and defenses are separate and distinct from those of the trustee, and therefore they are in no position to adequately represent the trustee's claims. For these reasons, the trustee's motion to intervene is granted.

Accordingly,

**IT IS THEREFORE ORDERED** that the Motion of Gerard A. McHale, Jr., as Trustee for the 1031 Tax Group, LLC, *et al.*, to Intervene Pursuant to Rule 24 of the Federal Rules of Civil Procedure (Doc. 36) is hereby GRANTED. Within fourteen (14) days of this order, the trustee for the 1031 Debtors, shall file his pleading in the above-captioned action.

---

[32] *Utah Ass'n of Counties*, 255 F.3d at 1254 (quoting *Sanguine*, 736 F.2d at 1419).

**IT IS FURTHER ORDERED** that the Motion of Wachovia Bank, National Association for leave to File Sur-Reply Addressing Motion to Intervene of Gerard A. McHale, Jr., is hereby GRANTED. The court has considered the surreply in ruling on the instant motion to intervene.

**IT IS SO ORDERED.**

Dated this 15th day of June, 2009, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge
