IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SEARS ROEBUCK AND CO.,                    )
                                          )
                        Plaintiff,        )
Vs.                                       )        No.  08-4125-SAC
                                          )
IPofA SALINA CENTRAL MALL, L.L.C.,        )
                                          )
                        Defendant.        )
_____   )
                                          )
WACHOVIA BANK, NATIONAL                   )
ASSOCIATION,                              )
                                          )
            Third-Party Plaintiff,        )
                                          )
Vs.                                       )
                                          )
EDWARD H. OKUN, *ET AL.*,                 )
                                          )
            Third-Party Defendants.       )
_____   )

MEMORANDUM AND ORDER

        The case comes before the court on the responses (Dks. 64

and 66) filed by the plaintiff Sears Roebuck and Co. ("Sears") filed to the

Receivership Report for Capital Improvements filed by Michael Kalil of NAI

Farbman ("Receiver").  The case also comes before the court on the

disclaimers of interest and requests for dismissal filed by the following

Third-Party Defendants:  Ferco, Inc. (Dk. 61);  Reinert Construction &

Remodeling, Inc. and Troy Reinert (Dk. 62); Ryan Roofing, Inc. (Dk. 63); and Warmack-Salina Limited Partnerships (Dk. 65).

Sears is a tenant at the Salina Central Mall and filed this action against the Mall's landlord, IPofA Salina Central Mall, LLC ("IPofA"). Sears alleged that IPofA was in breach of its lease obligations by not repairing and maintaining the roof and parking lot and that IPofA lacked the funds to make the repairs as IPofA's lender, Wachovia Bank, National Association ("Wachovia") was collecting the rents and not releasing funds for repairs. Among the claims for relief, Sears sought, specific performance, damages, and the appointment of a receiver. (Dk. 1).

In December of 2008, Wachovia filed a motion to intervene (Dk. 10) indicating that it held a first-priority lien on the mall securing a $33 million debt owed, that it was the assignee of the lease agreement between Sears and IPofA, that IPofA has been in default of the loan agreement for more than a year, and that Wachovia planned to seek foreclosure of the property and appointment of a receiver to ensure the property receives proper maintenance and attention to the needs of the tenants. The magistrate judge granted Wachovia's motion to intervene, (Dk. 16), and Wachovia then filed a cross-complaint against IPofA seeking judgment on

2

the notes in default and foreclosure, as well as, a third-party complaint against Edward H. Okun for amounts due and owing on a guaranty (Dk. 17).

Both Sears (Dk. 15) and Wachovia (Dk. 18) filed motions to appoint Michael Kalil of NAI Farbman as receiver for IPofA.  Sears, Wachovia and IPofA submitted an agreed consent order appointing Kalil as receiver which the court signed and filed.  (Dk. 28).  By agreement, this consent order was later amended.  (Dk. 34).

Wachovia moved for leave to amend its cross-complaint and third-party complaint to add as defendants those persons or entities who may have an interest in the mall property that is the subject of the foreclosure action.  (Dk. 51).  Leave was granted, and Wachovia filed its amended claims adding a number of third-party defendants.  (Dk. 56).  The following third-party defendants disclaim any interest in the subject property and seek to be dismissed:  Ferco, Inc.;  Reinert Construction & Remodeling, Inc. and Troy Reinert; Ryan Roofing, Inc.; and Warmack-Salina Limited Partnerships.  Wachovia has filed no responses to these pleadings.  The court grants as uncontested the dismissal requests of these third-party defendants.

3

After receiving a financial report from the receiver, the district court directed the entry of the following minute order on May 1, 2009. (Dk. 57). The order stated:

> Pursuant to the terms of the Amended Consent Order (Dk. 34), the appointed Receiver has furnished the court with an initial monthly report for March of 2009 and with a report pursuant to ¶ (gg) of the Receiver's investigation of the plaintiff Sears' allegations concerning needed repairs. The parties shall have twenty days from the date of this order to file with the court their specific objections, if any, to these reports for failure to meet the requirements set forth in the Amended Consent Order. Should any objections be filed, the receiver shall have twenty days thereafter to file a response.

(Dk. 57). On May 20, 2009, Sears filed a timely response[1] with the court in which it complained that the Receiver conditioned "Critical Repairs" to the roof and parking lot only upon Sears' committing to a lease extension and proposed only "temporary repairs" without Sears' extension. (Dk. 64). Sears said it was not in a position to exercise its extension option at this time and also argued that the lease imposed on the landlord the duty to make the "Critical Repairs" and did not make this duty contingent on tenants' early extensions. (Dks. 64 and 66). "In addition, the Critical Repairs are necessary to maintain the value of the rental property and to prevent against future recurring leaks and damages during the remaining

---

[1]Sears filed an amended response on June 1, 2009. (Dk. 66).

term of the lease."  (Dk. 66, p. 3).

Failing to comply with the court's minute order, the Receiver has not filed any response to Sears' objections.  Wachovia did file a pleading that characterized Sears' objection as an affirmative claim for the relief of specific performance.  (Dk. 77).  Wachovia complains that such a remedy is unavailable under Kansas law and that the agreed order of receivership authorizes the receiver to make repairs only upon the approval of the secured lender or upon the receiver's petition to the court and its approval.[2]

The court expects that with all future orders in this case the receiver will comply fully and promptly.  The court, however, does not consider Sears' filings to be procedurally proper objections to the receiver's report.  Sears's objections do not challenge any shortcomings in the receiver's report or the receiver's performance of its duties under the

_____

[2]"[T]he Receiver is authorized to: . . .; 4) make repairs necessary to the maintenance of the Property, in order to preserve the Property in the ordinary course of business, provided, however, that the Receiver shall not make any improvements, repairs and/or remediations having a cost of $3000.00 or more without first obtaining Approval; . . . ."  (Dk. 34, p. 5).  "Approval" is defined in the agreed order as "such action shall be authorized only if and when the Receiver receives the written consent of Wachovia to such action or when the Receiver obtains entry of a further order of the Court."  (Dk. 34, p. 8).

agreed terms of the receivership.  The court does not regard this opportunity to object or comment upon the receiver's reports as a procedural shortcut for the plaintiff to obtain ultimate relief on its complaint.

IT IS THEREFORE ORDERED that the relief sought in the responses (Dks. 64 and 66) filed by the plaintiff Sears Roebuck and Co. ("Sears") to the Receivership Report for Capital Improvements filed by Michael Kalil of NAI Farbman ("Receiver") is denied;

IT IS FURTHER ORDERED that the disclaimers of interest and requests for dismissal filed by the following Third-Party Defendants:  Ferco, Inc. (Dk. 61);  Reinert Construction & Remodeling, Inc. and Troy Reinert (Dk. 62); Ryan Roofing, Inc. (Dk. 63); and Warmack-Salina Limited Partnerships (Dk. 65) are granted.

Dated this 21st day of July, 2009, Topeka, Kansas.


s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge

6